**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 96-4623

JACQUELINE LYNN SOUDERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-95-7)

Submitted: January 28, 1997

Decided: April 2, 1997

Before MURNAGHAN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Kevin D. Mills, MILLS & SCALES, Martinsburg, West Virginia, for
Appellant. William D. Wilmoth, United States Attorney, Sherry L.
Muncy, Assistant United States Attorney, Elkins, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jacqueline Lynn Souders pled guilty to aiding and abetting the robbery of a credit union, 18 U.S.C. §§ 2113, 2 (1994). She appeals her sentence of 24 months imprisonment, arguing that the district court clearly erred by enhancing her sentence for physical restraint, USSG § 2B3.1(b)(4)(B),* and refusing to grant her a downward adjustment for minor role, USSG § 3B1.2, and erred in departing downward no more than five levels. The government has moved to dismiss the appeal because Souders waived her appeal rights in her plea agreement. We find that the waiver was ineffective and deny the motion to dismiss. We affirm the sentence in part and dismiss in part.

Jacqueline Souders was the manager of the Berkeley County (West Virginia) Public Schools Credit Union. She and an acquaintance, Sydney Barnhart, discussed robbing the credit union for some time before the robbery, which occurred on September 13, 1995. That day was a Wednesday, the day the credit union was normally closed to the public. Souders arrived for work before the two other employees. She let Barnhart in. He took $12,000 in cash, handcuffed Souders to a chair, and taped her mouth. When a second employee arrived, Barnhart pushed her down, handcuffed her, and taped her mouth also.

Souders at first gave police a misleading description of the robber which was inconsistent with the description given by the other employee who saw him. However, she quickly decided to cooperate and assisted in the arrest of Barnhart. The police recovered $7000 of the money stolen.

First, we must decide whether Souders' waiver of her appeal rights

_____
*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995).

deprived us of jurisdiction over her appeal. A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver is not knowing and voluntary if the district court fails to question the defendant about it during the Fed. R. Crim. P. 11 hearing unless the record otherwise discloses that the defendant was aware of its full significance. Id. Although Souders' Rule 11 hearing was not transcribed and is not included in the joint appendix, we conclude from the materials before us that the waiver provision was not brought to Souders' attention at the hearing. Souders signed the plea but did not initial each page or state in writing that she had read and understood it all. She is a high-school graduate with no prior criminal experience. We find nothing in the record which establishes that she understood the significance of the waiver. Consequently, we find the waiver ineffective and deny the government's motion to dismiss the appeal on this ground.

Next, we find that the district court did not clearly err in enhancing Souders' sentence for the physical restraint used by Barnhart. The enhancement should be given if a victim is physically restrained by being tied, bound, or locked up. USSG § 2B3.1(b)(4)(B), comment. (backg'd). The second employee to arrive at the credit union was handcuffed and had tape placed on her mouth, which qualifies as physical restraint.

Souders argues that she did not plan the restraint and did not know that Barnhart intended to restrain either her or the other employee. However, specific offense characteristics are determined on the basis of relevant conduct. USSG § 1B1.3(a). In a jointly undertaken criminal activity, the defendant is accountable for reasonably foreseeable acts of others which are in furtherance of the jointly undertaken criminal activity. USSG § 1B1.3(a)(1)(B). Even if Souders was, in fact, surprised by the restraint, Barnhart's action was reasonably foreseeable. Therefore, Souders' sentence was properly enhanced.

Next, we find that Souders has failed to provide any cogent reason why her role should be considered minor. A two-level reduction may be given to a defendant who "is less culpable than most other partici-
pants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.3). The court's determination is "heavily

3

dependent upon the facts of the particular case," USSG § 3B1.2, comment. (backg'd), and is reviewed for clear error. <u>United States v. Reavis</u>, 48 F.3d 763, 768 (4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 63 U.S.L.W. 3890 (U.S. June 19, 1995) (No. 94-9316). The defendant has the burden of convincing the court by a preponderance of the evidence that she is entitled to the adjustment. <u>Id.</u> at 769. Souders did not provide any basis for a finding that she had a minor role either in her written objection to the presentence report or at sentencing. Consequently, the district court did not clearly err in refusing the adjustment.

Souders asked for a downward departure based on her own vulnerability and aberrant behavior, as well as for substantial assistance. The court departed five levels for substantial assistance. Souders argues that the evidence warranted a further departure. A defendant may not appeal the extent of a downward departure unless the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the guidelines. <u>United States v. Hill</u>, 70 F.3d 321, 324 (4th Cir. 1995). Review of the extent of the substantial assistance departure is not warranted under <u>Hill</u>. Review of the court's refusal to depart on the other grounds urged is not available. <u>United States v. Bayerle</u>, 898 F.2d 28, 31 (4th Cir.), <u>cert. denied</u>, 498 U.S. 819 (1990). Therefore, we dismiss this portion of the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, DISMISSED IN PART</u>

4